**Curtis BUTLER and Linda R. Butler, his wife, Plaintiffs Below, Appellants,**

v.

**Tengiz A. ALATUR, M. D. and Rockford Center, a division of Retirement Living, Inc., a corporation of the State of Delaware, Defendants Below, Appellees.**

Supreme Court of Delaware.

Submitted April 15, 1980.

Decided Aug. 21, 1980.

Alene S. Berkowitz, Wilmington (argued) of Knecht, Greenstein, Schagrin & Berkowitz, Wilmington and M. Mark Mendel (argued), Philadelphia, Pa., for plaintiffs–appellants.

Mary Pat Trostle, Wilmington (argued) of Biggs & Battaglia, Wilmington, for defendant–appellee Alatur.

Richard I. G. Jones, Wilmington (argued) and William Prickett of Prickett, Jones, Elliott & Kristol, Wilmington, for defendant–appellee Rockford Center.

Before McNEILLY, QUILLEN and HORSEY, JJ.

QUILLEN, Justice:

This is an appeal from a grant of summary judgment in favor of the defendants. It involves Delaware's statute on expert medical witnesses. 18 *Del.C.* § 6854.[1]

The plaintiffs by affidavits tendered four experts: a practicing psychiatrist from Haddonfield, New Jersey who is the Chief of Psychiatry at the Garden State Community Hospital and Clinical Senior Instructor in Child Psychiatry at Hahnemann Medical College and Hospital; a practicing psychiatrist from Philadelphia, Pennsylvania and Pennsauken, New Jersey who is Clinical Director, Department of Psychiatry at Philadelphia General Hospital and Director, Department of Psychiatry at Mercy–Douglass Hospital; an osteopathic doctor from Phila-

---

1. The statute reads:

"No person shall be competent to give expert medical testimony as to applicable standards of skill and care unless such person is familiar with that degree of skill ordinarily employed in the community or locality where the alleged malpractice occurred, under similar circumstances, by members of the profession practiced by the health care provider; provided, however, that any such expert witness need not be licensed in the State."

delphia, Pennsylvania specializing in psychiatry who has partially completed his National Boards and has had residency training in three Philadelphia hospitals and one Haverford, Pennsylvania hospital; and an experienced psychiatrist who is Assistant Clinical Professor of Psychiatry at Hahnemann Medical College and Hospital and Program Director of the Hahnemann Mental Health Services Division for the Philadelphia prisons. The medical problem in issue is psychiatric and relates to the care rendered to plaintiff Linda R. Butler at a private residential psychiatric center in Wilmington. All four affiants supported the plaintiffs' claims of malpractice with some vigor.

The plaintiffs offered a fifth expert psychiatrist affiant, who has privileges at the Wilmington Medical Center and practices at an office at the Delaware Division as well as in Pennsylvania. He said that "geo–political boundaries are irrelevant to defining the local community, for purposes of determining the standard of care required of a psychiatrist treating a patient" and that "any expert competent to testify as to the standard of care within a particular political subdivision within the Delaware Valley is similarly competent to testify as to the applicable standard of care throughout the entire community defined as the Delaware Valley."

The Superior Court found the plaintiffs' affidavits insufficient to qualify under our statute governing expert medical witnesses and rejected the claim that the combination of affidavits met the statutory test. In particular, the Superior Court in a letter opinion relied on *Loftus v. Hayden*, Del. Supr., 391 A.2d 749 (1978) and said:

"However ingenious this argument may be, the statute, nevertheless, refers to the requirement that 'no <u>person</u> shall be competent to give expert medical testimony . . . unless <u>such</u> person is familiar with that degree of skill ordinarily employed in the community or locality where the alleged malpractice occurred . . .' (Underlining supplied). In this instance, the psychiatrist who declares familiarity with all 'communities' involved says nothing with respect to the malpractice alleged here; whereas, the other psychiatrists, who do speak to the fundamental issue in the case, do not themselves state that they have familiarity with the standard of care in the Wilmington area, i. e., the place where the alleged malpractice occurred. It would seem, therefore, that the psychiatrist with the broadest familiarity with respect to standard of care presents irrelevant information whereas the psychiatrists who might be able to present relevant testimony are, nevertheless, under the statute, not able to meet the test of competency. The Court is not persuaded that the statute would permit the 'bootstrapping' of affidavits."

We view this case differently than *Loftus* and find that the Superior Court, perhaps understandably, felt its discretion too narrowly confined. This case does not involve surgery or specific medical testing performed in a local hospital. This case involves residential psychiatric care that appears on the face of the current record to have no peculiar Delaware element. The record made by the plaintiff supports "a national or regional standard as to diagnosis and treatment." Compare *Loftus v. Hayden, supra,* 391 A.2d at 753. The four experts offered on the merits have a solid regional base and are not the itinerant medicine men to which the statute is primarily directed. Without intending to express any conclusion as to the value of their testimony in this somewhat unconventional claim, and, without foreclosing other factors that may be relevant, such as facility limitations and expense considerations, the testimony is certainly directed to the merits of the claim and pointedly forceful. Considering the whole picture in the context of a fair hearing, we do not think that the plaintiffs' claim should be foreclosed on this evidentiary limitation.

Nor do we find that the statute or the *Loftus* case require the words "community or locality", terms which together appear deliberately flexible, to be construed in every instance as limited to the bounds of Delaware. Indeed, it is difficult to prescribe with precisely what in Delaware a foreign doctor would familiarize himself in order to qualify on the psychiatric issue

raised here. In our judgment, "community" in the context of this case should clearly be broad enough to encompass the tendered evidence of the expert witnesses described herein. We find in *Loftus* no firm rule which compels a contrary result.

While not the basis for our conclusion in this case, we note the General Assembly recently amended the statute by an addition to create presumptive competence in certain nonresident physicians.[2]

For the reasons stated above, the judgment of the Superior Court is reversed and the case is remanded for further proceedings.

---

**2.** 62 *Del.Laws*, Ch. 274 reads in pertinent part as follows:

"Any physician who has been in the active practice of medicine or surgery for at least the past five (5) years and who currently practices in the State of Delaware or within a state contiguous to the State of Delaware and within a radius of 75 miles of the Capitol of the State of Delaware shall be presumed to be competent to give expert medical testimony as to applicable standards of skill and care; if it shall be established that the degree of skill and care required of the expert in the locality where the expert practices or teaches is of the same or equivalent standard as the skill and care employed in the community or locality where the alleged malpractice occurred."